FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 NOV -8 AM 10: 42
CLERK R. Ock
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RAHEEM TOBAR SMITH,

   Plaintiff,

v.           CIVIL ACTION NO.: CV607-056

Warden BILLY THOMPKINS; WAYNE
JOHNSON; Captain DASHER;
Sgt. CARDENA; Sgt. JOHNSON;
Dr. ZELLNER YOUNG; LPN WILSON;
RN HENRY; PA COOPER; Counselor
HENRY; JOHN DOE, Grievance
Coordinator, Smith State Prison;
Lt. BYNUM; Officer JOHN DOE;
HUGH SMITH, Warden, GSP;
and JOHN DOES, CERT Officers, GSP,

   Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Telfair State Prison in Helena, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at other penal institutions in Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts he broke his wrist while he was housed at Smith State Prison in Glennville, Georgia. Plaintiff asserts he told Defendant Bynum he broke his wrist and needed to see the doctor. Plaintiff contends Defendant Bynum escorted him to the medical unit, where Defendants Wilson, a nurse, and Cardena, a sergeant, were. Plaintiff alleges Defendant Wilson told him he could not see a doctor until Tuesday and gave him some Motrin, an ice pack, and a brace for his wrist. Plaintiff alleges

AO 72A
(Rev. 8/82)

2

Defendant Cardena attempted to put the brace on Plaintiff after Defendant Wilson was unsuccessful in her efforts to do so. Plaintiff also alleges Defendant Cooper, the physician's assistant, told him that he would have to wait until Tuesday to see the doctor. Plaintiff further alleges he was taken back to his cell and that he informed Defendant Officer John Doe he needed medical attention and that Defendant John Doe would not call medical for him or give him a bag with ice in it. Plaintiff contends he told Defendant Sergeant Johnson he needed to go to medical because he could not move his fingers, but Defendant Sergeant Johnson told him the medical staff already left for the day. Plaintiff avers Defendant Doctor Young examined him on Tuesday; Plaintiff states he told Defendant Young he was in severe pain and that it was a possibility that he needed to go to the hospital. However, Plaintiff also states, Defendant Young told him he wanted an x-ray taken, which would be later in the week when the radiologist came to the prison. Plaintiff asserts he told Defendants Thompkins and Wayne Johnson, the warden and warden of care and treatment, respectively, that he received inadequate medical treatment from Defendant Young. Plaintiff alleges Defendant Thompkins told him to go back to his dorm because there was nothing he could do about Plaintiff's condition above and beyond what Defendant Young had done. Plaintiff asserts he approached Defendant Dasher and complained about still being in pain, needing to go to the hospital, and having a top bunk profile. Plaintiff contends Defendant Dasher did not call him later that day to get medical attention, nor did Defendant Dasher change his bedding assignment. Plaintiff asserts Defendants John Does 1 and 2, CERT officers at Georgia State Prison, would not transport him to a

medical appointment he had at Augusta State Medical Prison because Plaintiff could not wear a "black box" and handcuffs would not fit over his cast.[1]

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates.

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted).

---

[1] It is unclear whether Plaintiff was transferred formally from Smith State Prison to Georgia State Prison or whether Plaintiff was "on loan" to Georgia State Prison for purposes of transport to a medical appointment at Augusta State Medical Prison. What is clear is that Plaintiff alleges personnel at Georgia State Prison were deliberately indifferent to his serious medical needs (stemming from the broken wrist he suffered while incarcerated at Smith Sate Prison) approximately one and one half months after he broke his wrist. (Compl., p. 14).

As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105, 97 S. Ct. at 291).

Plaintiff's claims against Defendants Bynum, Wilson, Cardena, Cooper, Officer John Doe, Sergeant Johnson, Young, Thompkins, W. Johnson, Dasher, CERT officers John Does 1 and 2, and Smith do not rise to the level of deliberate indifference to the serious medical needs of Plaintiff. It appears Plaintiff does not agree with the actions taken by these Defendants in response to his broken wrist; however, the actions (or inaction) of the Defendants do not rise to the level of a constitutional violation. Such allegations are not cognizable under section 1983. See, e.g., Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion between prison medical officials and an inmate as to the latter's diagnosis or course of treatment does not support a claim of cruel and unusual punishment).

Plaintiff also alleges he filed two (2) informal grievances with Defendant Angela Henry, a counselor, contesting the medical care he received. Plaintiff asserts John Doe, the Grievance Coordinator at Smith State Prison, denied his informal grievances. Plaintiff also asserts he wrote a grievance concerning the CERT officers' actions, and Defendant Hugh Smith, the warden at Georgia State Prison, denied his grievance. These claims by Plaintiff appear to be Plaintiff's attempt to state a due process claim.

The Due Process Clause of the Fourteenth Amendment provides no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). "An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process." Id. There is no right to a particular type of process in the handling of prison grievances. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Plaintiff's claims that Defendants Henry, John Doe Grievance Coordinator, and Hugh Smith did not address his grievances in a suitable manner do not state a claim for violations of Plaintiff's right to due process.

Plaintiff also names as a Defendant Nurse Henry. Plaintiff failed to make any factual allegations against Nurse Henry. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has not met this requirement as to Nurse Henry, his claims against Nurse Henry should be dismissed.

Finally, Plaintiff asserts claims against all of the Defendants in their official capacities. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).

To the extent Counselor Henry is named as Defendant in her official capacity, Plaintiff's claims against Defendant Counselor Henry in her official capacity should be dismissed.

Plaintiff's cognizable claim is addressed in an Order of even date.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief against Defendants Bynum, Wilson, Cardena, Cooper, Officer John Doe, Sergeant Johnson, Young, Thompkins, W. Johnson, Dasher, and CERT officers John Does 1 and 2 based on deliberate indifference to a serious medical need under 42 U.S.C. § 1983 and 28 U.S.C. § 1915. Plaintiff also fails to state a claim based on due process violations against Defendants Angela Henry, Grievance Coordinator John Doe, and Smith. Finally, Plaintiff fails to state a claim against Defendant Nurse Henry. Accordingly, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Bynum, Wilson, Cardena, Cooper, Officer John Doe, Sergeant Johnson, Young, Thompkins, W. Johnson, Dasher, Nurse Henry, CERT officers John Does 1 and 2, and Smith be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b). It is also my **RECOMMENDATION** that Plaintiff's due process claim against Defendant Angela Henry be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). It is my further **RECOMMENDATION** that Plaintiff's claims against Defendant Angela Henry in her official capacity be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 8th day of November, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE