RAHEEM TOBAR SMITH,

    Plaintiff,

v.                         CIVIL ACTION NO.: CV607-056

ANGIELEA HENRY, Counselor,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Raheem Tobar Smith ("Plaintiff"), who is currently incarcerated at Telfair State Prison in Helena, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement at Smith State Prison in Glennville, Georgia. Defendant Angielea Henry ("Defendant") filed a Motion to Dismiss, and Plaintiff filed a Response. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts Defendant, the Chief Grievance Counselor at Smith State Prison, would not allow him to file a formal grievance after his informal grievances were denied. The undersigned sanctioned the service of Plaintiff's Complaint against Defendant based on an alleged violation of Plaintiff's First Amendment rights. Defendant has moved for the dismissal of Plaintiff's Complaint, asserting, in relevant part, that Plaintiff has failed to exhaust his administrative remedies.

AO 72A
(Rev. 8/82)

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant contends Plaintiff filed three (3) grievances, all of which were related to the alleged denial of medical care. Defendant asserts the only claim remaining in this case is Plaintiff's claim that Defendant denied Plaintiff access to the courts. Defendant also asserts that Plaintiff has not filed a grievance against her in which he contends he has been denied access to the courts, and, thus, he has not exhausted his administrative remedies. Defendant alleges Plaintiff made only one mention in his grievances about being denied access to the courts: in his appeal of an informal grievance in which he complained about denial of medical care and treatment and claimed the warden's delay in responding to his informal grievance denied him access to the courts.

Plaintiff alleges he has exhausted his administrative remedies via the grievance procedure at Smith State Prison. According to Plaintiff, he "presented the facts related to his serious medical need[s] to Defendant Henry." (Doc. No. 44, p. 3). Plaintiff

asserts he filed two (2) informal grievances, which were rejected, and that he was "prohibited from appealing any of these two grievance(s) of his serious medical needs." (Id.)(emphasis in original). Plaintiff also asserts his informal grievances erroneously were denied or rejected on the bases that they were filed within the same week and that he could file and appeal both of these informal grievances. Plaintiff further asserts he informed Defendant of this fact, who rejected his informal grievances and told him informal grievances are unappealable. Plaintiff contends he filed an additional informal grievance with Defendant Henry to "seek a venue of relief for his serious medical needs." (Id. at 4). Finally, Plaintiff contends he filed an informal grievance "for denial of access to the court" on December 14, 2006, which was rejected and unappealable. (Id. at 5).

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is

AO 72A
(Rev. 8/82)

3

considered exhaustion. Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 923 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

All inmates committed to the Department of Corrections in state facilities shall have access to the Georgia Department of Corrections' grievance procedure. (Doc. No. 38-4, p. 1, ¶¶ I-II). This grievance procedure allows inmates to grieve "[a]ny condition, policy, procedure, action, or lack thereof that affects inmates and is in the control of the Department of Corrections." (Id. at 4, ¶ VI(A)(5)). The grievance procedure is initiated when an inmate files an informal grievance. This form must consist of only one (1) issue and must be "filed no later than 10 calendar days from the date the offender knew, or should have known, of the facts giving rise to the grievance." (Id. at 6, ¶¶ VI(B)(3) and (5)). After an inmate's informal grievance is resolved, the inmate must complete a formal grievance form within five (5) business days of the inmate's receipt of the written resolution of the informal grievance. The Grievance Coordinator can waive this time limit for good cause. (Id. at 7-8, ¶ VI(C)(2)). An inmate may appeal the warden's response to his formal grievance within five (5) business days after receiving the response by filing a timely appeal with the Office of the Commissioner. This time limit also can be waived for good cause shown. (Id. at 9-10, ¶¶ VI(D)(1)-(2)). The Georgia Department of Corrections' Standard Operating Procedure IIB05-0001, the Statewide Grievance Procedure, also allows an inmate to file a grievance concerning conditions at

a facility which is not the facility in which he is housed at the time he files the grievance. (Id. at 12, ¶ VI(F)(5)).

Plaintiff filed an informal grievance and formal grievance in which he alleged he was denied proper medical care. However, in the appeal of his grievance, Plaintiff alleged he was denied access to the courts due to the *Warden's delay in responding to his grievance.* (Doc. No. 38-3, p. 4, ¶ 11; Doc. No. 38-5, pp. 2-5)(emphasis supplied). Plaintiff filed three (3) informal grievances while at Ware State Prison in which he contended he was being denied access to the courts because Smith State Prison would not respond to the informal grievances he filed on September 12, 2005, and December 20, 2006. (Doc. Nos. 38-6, 38-7, and 38-8). Plaintiff filed two (2) formal grievances about Smith State Prison official's alleged failure to respond to his informal grievances, both of which were deleted because his informal grievances were filed out of time.[1] (Doc. No. 44, pp. 11-12).

There is no evidence Plaintiff filed an informal or formal grievance against Defendant Henry in which he alleged Defendant Henry, as the Chief Counselor at Smith State Prison, denied him access to the courts by refusing to give him a formal grievance form. The only allegation contained in Plaintiff's informal and formal grievances concerning denial of access to the courts is Plaintiff's allegation that officials (particularly the Warden) had not responded to his informal grievances. The undersigned recognizes Plaintiff need not have named Defendant Henry specifically in his grievances in order to have exhausted his administrative remedies. See Jones, 549 U.S. at ___, 127 S. Ct. at 923 (reasoning that "exhaustion is not *per se* inadequate

---

[1] A Georgia prisoner's failure to pursue a good cause waiver means he did not fully exhaust his available administrative remedies. Bryant, 530 F.3d at 1379.

simply because an individual later sued was not named in the grievances" when such a requirement is not contained in the applicable procedures). However, Plaintiff did not exhaust his administrative remedies concerning his claim that Defendant Henry denied him access to the courts by failing to provide him with a formal grievance form. Not only does Plaintiff not mention Defendant Henry's name, Plaintiff does not set forth, in any administrative filing, his claim which serves as the basis of the proceedings before the Court. Plaintiff has not exhausted his administrative remedies as to his contention Defendant Henry denied him access to the courts by failing to provide him with a formal grievance form.[2]

It is unnecessary to address the remainder of Defendant's Motion to Dismiss.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his administrative remedies prior to filing his complaint.

**SO REPORTED** and **RECOMMENDED**, this 7th day of November, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff could have filed an informal grievance concerning Defendant Henry's alleged actions after he was transferred to another prison. This was an administrative remedy available to Plaintiff.